IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02330-WDM-MEH

STEVEN D. SIMONS,

    Applicant,

v.

KEVIN MILYARD, Warden, and
COLORADO ATTORNEY GENERAL,

    Respondents.

---

# RECOMMENDATION FOR DISMISSAL

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket #2]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the Application be **denied**.

## I.    Facts

Applicant Steven Simons was convicted of first degree burglary, second degree sexual assault, second degree assault, and felony menacing for the 2003 rape of a 57 year-old woman who was at home recovering from hip surgery. On June 29, 2003, when the victim, N.A., got out of bed to let her cat out, a man barged into her apartment and attacked her. The man punched her in the face, smothered her with a pillow, strangled her, vaginally raped her, and forced her to perform oral sex on him. N.A asked the man if he had been watching her, and he responded affirmatively. After he left, N.A. waited a while and then called the police. Police found her naked, disheveled, and distraught and took her to the hospital to be treated for injuries. At the time, N.A. stated that she

thought she had been being watched for some time. Investigators did not recover any physical evidence at the crime scene, but Applicant became an early suspect because he was a convicted sex offender who had lived in the same complex. He had moved out one week prior to the attack, and the back window of his previous unit faced the front window of her unit.

Applicant appealed his conviction and the raised the three claims listed in habeas application verbatim. On appeal, the Colorado Court of Appeals affirmed, and the Colorado Supreme Court denied Mr. Simons's Writ of Certiorari. Applicant timely filed the instant Writ of Habeas. Applicant presents three claims for relief: (1) The trial court imposed inadequate sanctions for misconduct by the prosecution and the prosecution's witnesses, including the late disclosure of exculpatory information; (2) the trial court erred in permitting the prosecution to establish that his living situation was under police investigation more than a week before the assault charged, particularly where the defense offered to stipulate to it; and (3) cumulative misconduct by the prosecution and its witnesses denied Applicant his right to a fair trial. Application at 5–6.

## II.     Discussion

### A.     Standard of Review

In reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "When a federal district court reviews a state prisoner's habeas petition pursuant to 28 U.S.C. § 2254, it must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.' The court does not review a judgment, but the lawfulness of the petitioner's custody *simpliciter*." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (citations omitted). Before filing a federal habeas application, a state prisoner must first exhaust his state

remedies by "giv[ing] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Based on the denial of certiorari review by the Colorado Supreme Court in Petitioner's case, habeas review in this Court is concerned with the proceedings in the Colorado Court of Appeals, which represents the final substantive proceedings in the state appellate review process.

This case is also governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA applies to all federal habeas applications filed after the AEDPA's effective date of April 24, 1996, regardless of when the state proceedings occurred. *Trice v. Ward*, 196 F.3d 1151, 1158 (10th Cir. 1999). Under AEDPA, a Petitioner is entitled to federal habeas relief only if he can establish that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *see also House v. Hatch*, No. 05-2129, ___ F.3d ___ (10th Cir. May 6, 2008).

As the Supreme Court stated:

> A state-court decision is contrary to . . . clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

*Brown v. Payton*, 544 U.S. 133, 141 (2005) (internal citations omitted). The first inquiry is whether the clearly established federal law exists on the issue; only once this is established must the Court determine wether the state court's application of such law is objectively unreasonable. *House*, ___

3

F.3d ___, slip op. at 13 ("The absence of clearly established federal law is dispositive under § 2254(d)(1).").

The state court need not cite to Supreme Court cases in reaching its decision, provided that "neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). Accordingly, when a state court adjudicates a federal issue relying solely on a state standard that is at least as favorable to the Petitioner as the federal standard, this Court may presume an adjudication on the merits and apply AEDPA deference. *Harris v. Poppell*, 411 F.3d 1189, 1196 (10th Cir. 2005).

Even if the state court adjudication was contrary to or involved an unreasonable application of clearly established federal law, unless the error is a "structural defect[ ] in the constitution of the trial mechanism, which def[ies] analysis by harmless-error standards," *Brecht v. Abrahamson*, 507 U.S. 619, 629 (1993), the harmless error standard of *Brecht* must be applied. *Herrera v. Lemaster*, 301 F.3d 1192, 1200 (10th Cir. 2002). Under *Brecht,* habeas relief is not proper unless the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 623. This requires more than just an incorrect application of federal law, requiring instead a showing "somewhere between clearly erroneous and unreasonable to all reasonable jurists." *Maynard v. Boone*, 468 F.3d 665, 670 (10th Cir. 2006). Thus, "only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Id.* at 671.

Finally, factual findings made by the state trial and appellate courts are presumed correct, with the Petitioner bearing the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Darks v. Mullin*, 327 F.3d 1001, 1007 (10th Cir. 2003). The burden remains, because "whether a state court's decision was unreasonable must be assessed in

4

light of the record [that court] had before it." *Holland v. Jackson*, 542 U.S. 649, 651-52 (2004) (*per curiam*) (citations omitted).

### B. Timeliness of the Application and Exhaustion

As acknowledged by Respondents, and reviewed by the Court, Petitioner filed his application within the one-year time limit prescribed by AEDPA. 28 U.S.C. § 2244(d). Respondents contend, however, that Applicant's second claim for relief, regarding the investigation of his living situation prior to the crime charged, was not adequately raised in the state court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999). Respondents claim that Applicant raised this issue in state court only on the grounds that "evidence of prior criminality is not admissible as proof of the accused's guilt with respect to the crimes charged against him." Response, Exh. A at 25. Applicant relied solely on Colorado case law and the Colorado Rules of Evidence in making his argument. *Id.* In denying relief on this ground, the Colorado Court of Appeals also relied solely on Colorado law. Response, Exh. C at 8–9.

Exhaustion of available and adequate state court remedies is a prerequisite to a habeas corpus application in federal court. *Granberry v. Greer*, 481 U.S. 129 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'" *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 120 L.Ed.2d 865 (1995) (per curiam) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim to each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).

"Fair presentation of a prisoner's claim to the state courts means that the substance of the claim must be raised there." *Patton v. Mullin*, 425 F.3d 788, 809 n.7 (10th Cir. 2005). The Applicant must "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Thus, to constitute fair presentation, Applicant must have presented the claims as federal constitutional issues. *Paul v. Reid*, 50 Fed. Appx. 954, 956 (10th Cir. 2002) (holding that the applicant's claims were unexhausted because they were not raised as violations of federal constitutional law but, rather, were based exclusively on Colorado authority).

In this case, neither Applicant nor the Colorado Court of Appeals addressed any constitutional issues with respect to this claim, and this claim is, therefore, not exhausted. This is evident by the Court of Appeals' discussion of this issue:

> If a defendant offers to stipulate to a fact and the prosecution's case is not thereby weakened, the trial court may, after employing the CRE 403 balancing test, require the prosecution to accept the stipulation. Under CRE 403, the critical inquiry is whether the probative value of such evidence is substantially outweighed by the danger of unfair prejudice or needless presentation of cumulative evidence. Trial courts are accorded considerable discretion in making that determination. People v. Clary, 950 P.2d 654 (Colo. App. 1997).
>
> According to defendant, the officer's reference to an "investigation" may have caused the jury to speculate that he was involved in other criminal activity. However, the officer never revealed the nature of his investigation. Moreover, the trial court had reason to believe – based on the officer's previous testimony at a suppression hearing – that defendant would, through cross-examination, have the officer verify that he had contacted defendant while investigating a child abuse case in which defendant was merely a witness.
>
> Under these circumstances, we cannot say the trial court's ruling constitutes an abuse of discretion.

Response, Exh. C at 8–9. Since no constitutional issues were raised with regard to this claim in the state court proceedings, the state court must be given the first opportunity to resolve constitutional

6

matters arising from its proceedings. *O'Sullivan*, 526 U.S. at 847. When a habeas application raises both exhausted and unexhausted claims, the application must be dismissed without prejudice for the applicant to either first pursue exhaustion of all claims in state court or re-file raising only exhausted claims. *Pliler v. Ford*, 542 U.S. 225, 233 (2004).

The exception to this requirement is if exhaustion would be futile.[1] *Bear v. Boone*, 173 F.3d 782, 785 (10th Cir. 1999). In this case, exhaustion is futile, because Applicant raised this claim on direct appeal and cannot raise it again through a Rule 35(c) postconviction motion for relief. *See* Colo. R. Crim. P. 35(c)(3)(VI) (requiring denial of any claim previously raised on appeal or in a postconviction motion proceeding except in limited circumstances). Further, Applicant cannot now file a Rule 35 motion for this claim, if he has already filed a Rule 35 motion. Although the record is not clear on this issue, Applicant stated his intent to file a Rule 35 motion in his Motion for Stay filed November 6, 2007. If he has done so, a second petition would now be barred. In situations such as this, federal courts apply an anticipatory bar. *Anderson v. Sirmons*, 476 F.3d 1131, 1140 (10th Cir. 2007) ("Anticipatory procedural bar occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it.") (citation and quotations omitted).

The anticipatory bar of the state court prevents this Court from considering the Applicant's claim under these allegations unless he can demonstrate "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To demonstrate cause and actual prejudice, Applicant must show that efforts

---

[1] Respondents did not adequately brief this issue, relying instead on conclusory statements to support their arguments, as they did throughout their brief. This Court has not previously seen such an inadequate response to a habeas application as presented in this case.

to raise the claim at earlier stages were "impeded" by "some objective factor external to the defense," for example, where "the factual or legal basis for a claim was not reasonably available to counsel" during earlier proceedings. *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991). The standard is an objective one, asking not what a particular attorney or *pro se* applicant actually knew but whether the claim was "reasonably available" upon diligent inquiry. *Id*. at 494, 496. Applicant presents no evidence that these claims were not reasonably available on direct appeal, because the claim was raised and reviewed as an error of state law, thus leaving these claims procedurally barred.

To demonstrate a fundamental miscarriage of justice, Applicant must demonstrate that a constitutional error has probably resulted in the conviction of one who is actually innocent. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). Applicant has not claimed actual innocence, and thus, the trial court's refusal to require the prosecution to accept the stipulated fact did not result in fundamental miscarriage of justice to one who is actually innocent. In any event, "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

### C. Applicant's Exhausted Claims

#### 1. Inadequate sanctions for prosecutor's conduct by trial court

Applicant claims that he did not receive a fair trial because the trial court did not adequately sanction the prosecution for a late discovery disclosure and for ignoring the trial court's exclusion of certain testimony. Applicant points to the fact that the prosecution's last witness, Detective Woelful, showed up at trial with a fifteen-page crime scene report that had not been disclosed to defendant's counsel. The prosecutor stated that he was also not aware of the report until then and offered to provide a copy to defense counsel. As a sanction, defense counsel asked that Detective

Woelful be precluded from testifying and requested that the testimony of the officers discussed below also be stricken. The trial court did not strike the testimony, because it found that the untimely disclosure was unintentional. As a remedy, the trial court ruled that defense counsel would have "wide latitude, including eliciting hearsay testimony, when examining the detective." Response, Exh. C at 5.

The trial court also excluded any evidence of Applicant's prior conviction for sexual assault as well as the investigation of Applicant's sex offender registry violation. At trial, the prosecution used a booking photo to assist Sergeant Todd Dobbs in identifying the defendant. The officer identified the picture as follows: "That's Mr. Steven Duane Simons as he appeared to me on that evening. I believe that might be the booking photo." Traverse at 3. The trial court sustained defendant's objection, ordered the response stricken, and excluded the photo from evidence. Response, Exh. C at 2. The next witness, Detective Chagnon, testified regarding letters Mr. Simons sent to Ms. McLaughlin from the jail. Although the trial court had excluded evidence that the letters were sent from jail, Detective Chagnon testified that "I conducted an extensive interview with her at her place of work July 2nd. On July 10th I received a phone call from Renee McLaughlin advising me she had received a letter from Steve Simons at the Boulder County Jail." Traverse at 4. The trial court also sustained defendant's objection to this response and ordered the response stricken. Response, Exh. C at 3. The trial court declined to strike all of the testimony but gave a limiting instruction to the jury at the conclusion of the evidence instructing them not to consider any of the stricken testimony. *Id.*

In reviewing his claims, the Colorado Court of Appeals noted that excluding evidence is a drastic remedy and considered a number of factors to determine the appropriate sanction. *Id.*

Ultimately, the Court of Appeals concluded that defendant was not prejudiced by the untimely disclosure of the crime scene report because "[a]lthough defendant claims the report was more detailed than similar reports that had previously been provided to him through discovery, he does not specify how earlier knowledge of the report would have materially affected his trial strategy." *Id.* In addition, because the trial court found that the late disclosure was unintentional, the Colorado Court of Appeals determined that trial court's sanction was not an abuse of discretion.

The United States Supreme Court has held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Marlyand*, 373 U.S. 83, 87 (1963). Relief is appropriate if the evidence is "material," meaning that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). Nevertheless, due process is not violated if the evidence is disclosed to the defendant before the end of the trial, thus enabling the defendant to make use of the evidence. *United States v. George*, 778 F.2d 556, 561 (10th Cir. 1985); *see also United States v. Scarborough*, 128 F.3d 1373, 1376 (10th Cir. 1997) (finding no violation for late disclosure during trial because any prejudice could be cured through cross-examination).

In this case, Applicant has not shown that the earlier disclosure of this report would have affected the outcome of the trial. Moreover, the Colorado Court of Appeals noted that defense counsel had seen earlier versions of this report that were not as detailed. Because the evidence was disclosed during trial in time for defense counsel to use the evidence, the decision of the Colorado Court of Appeals, that Applicant was not prejudiced by the late disclosure, is not contrary to

Supreme Court precedent, nor is it based on an unreasonable determination of the facts.

As to the stricken testimony of the two officers, the Colorado Court of Appeals ruled as follows:

> Here, neither the reference to the booking photograph nor the mention of defendant's letter from jail explicitly disclosed any information about defendant's other arrests and convictions. Thus, we question whether defendant would be able to demonstrate prejudice even if the court had not taken any corrective action. In any event, we are satisfied that the court cured any possible prejudice by striking the testimony and instructing the jury to disregard it. See People v. McNeely, 68 P.3d 540 (Colo. App. 2002) (when a jury is instructed to disregard evidence, reviewing court must presume that it did so).

Response, Exh. C at 7–8.

Because Applicant's argument is based on the trial court's evidentiary rulings in excluding evidence, his claim is premised solely on an interpretation of state law, namely the Colorado Rules of Evidence. The United States Supreme Court "has stated many times that 'federal habeas corpus relief does not lie for errors of state law' . . . . [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68 (citations omitted). Hence, this Court cannot review whether the Court of Appeals' determination of state law was correct. Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Id.* at 68.

To do so, Applicant must show that the alleged error was so unduly prejudicial that it denied the fundamental fairness required of due process. *Payne v. Tennessee*, 501 U.S. 808, 825 (1991). In this case, the improper responses were stricken by the trial court, and the court instructed to the jury not to consider any responses that had been stricken. With regard to limiting instructions, the Supreme Court has concluded that "the question is reduced to whether, in light of the competing values at stake, we may rely on the 'crucial assumption' that the jurors followed 'the instructions

11

given them by the trial judge." *Tennessee v. Street*, 471 U.S. 409, 415 (1985) (citations omitted). Courts presume that the jury will follow the instruction to disregard a stricken response "unless there is an overwhelming probability that the jury will be unable to follow the court's instructions, and a strong likelihood that the effect of the evidence would be devastating to the defendant." *Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987).

Applicant has not shown a devastating effect or an overwhelming probability that the jury could not follow the trial court's instructions. The stricken responses indicated that Applicant had previously been arrested (through the booking photo) and that he had been in jail (through the letters). The jury heard no statements regarding why Applicant had been arrested nor any explicit references to any prior convictions or offenses by the defendant. Accordingly, the Colorado Court of Appeals' determination that Applicant was not prejudiced and its decision to rely on the limiting instruction given by the trial court is not an unreasonable application of Supreme Court precedent, nor is it based on an unreasonable determination of facts. Federal habeas relief is, therefore, not appropriate on this claim.

### 2. Cumulative error resulted in unfair trial

Applicant next contends that the cumulative error of the officer's testimony resulted in an unfair trial. "Cumulative error analysis applies where there are two or more actual errors; it does not apply to the cumulative effect of non-errors." *Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998). Once two or more errors are identified, the applicant must show that his substantial rights were affected by the cumulative errors. *United State v. McKneely*, 69 F.3d 1067, 1080 (10th Cir. 1995).

Here, Applicant generally states that the aggregate effect of each the claims mentioned above

12

"was overwhelmingly prejudicial and unfair." Application at 6. The Traverse does not expound on these errors, but it does mention the testimony of the sergeant and the two detectives. The Colorado Court of Appeals ruled that these alleged errors did not deprive Applicant of a fair trial. Response, Exh. C at 10. This conclusion is not an unreasonable application of Supreme Court precedent, nor is it an unreasonable determination based on the evidence. As discussed above, the Colorado Court of Appeals found no error and no prejudice in the trial court's handling of the testimony, and the aggregate of these non-errors does not rise to the level of a constitutional violation. Accordingly, federal habeas relief is not appropriate on this ground.

## III. Conclusion

In viewing the merits of the Petitioner's claims, he is not entitled to relief under 28 U.S.C. § 2254. Pursuant to Rule 8 of the rules governing section 2254 proceedings, no evidentiary hearing is required. Accordingly, for the reasons stated above, the Court RECOMMENDS that the Application for a Writ of Habeas Pursuant to 28 U.S.C. § 2254 [Filed November 6, 2007; Docket #2] be **denied**, and that this case be dismissed with prejudice. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[2]

---

[2] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Dated at Denver, Colorado this 7th day of May, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge