IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No.   07-cv-02330-WDM-MEH

STEVEN D. SIMONS,

      Applicant,

v.

KEVIN MILYARD, Warden, and
COLORADO ATTORNEY GENERAL,

      Respondents.

---

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

---

Miller, J.

This case is before me on the recommendation of Magistrate Judge Michael E. Hegarty (Docket No. 22), filed May 7, 2008, that Petitioner's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Docket No. 2) be denied.  Petitioner filed an objection to the recommendation and is therefore entitled to *de novo* review.  28 U.S.C. § 636(b).  For the reasons that follow, I will accept the recommendation.

The background facts relating to Petitioner's conviction are set forth in the recommendation.  In short, Petitioner was convicted of several offenses arising out of an assault of a 57 year old woman in her apartment home.  Petitioner had, until a week before the assault, lived in the same complex.  After his conviction, Petitioner appealed to the Colorado Court of Appeals, which upheld the conviction, and then filed a petition for writ of certiorari with the Colorado Supreme Court.  The petition for writ of certiorari was denied. At the time Petitioner filed his petition for writ of habeas corpus, he had not filed a state

post-conviction challenge pursuant to Colorado Rule of Criminal Procedure 35(c).  He

sought a stay of the habeas proceedings in order to file a 35(c) motion (Docket No. 3), but

the request for stay was denied because Petitioner had not identified any claims he would

assert in a 35(c) motion.  Docket No. 4.

Petitioner asserts three grounds of error: (1) the trial court imposed inadequate

sanctions for misconduct by the prosecution and the prosecution's witnesses, including the

late disclosure of exculpatory information: (2) the trial court erred in permitting the

prosecution to establish that Petitioner's living situation was under police investigation more

than a week before the assault charged, particularly where the defense offered to stipulate

to it; and (3) cumulative misconduct by the prosecution and its witnesses denied Petitioner

his right to a fair trial.

Magistrate Judge Hegarty concluded that Petitioner's second claim was not

exhausted and addressed the first and third claim on the merits.  I agree with Magistrate

Judge Hegarty's analysis of the first and third claims for relief.  Magistrate Judge Hegarty

concluded that the sanctions imposed by the trial court for failure to disclose certain

discovery and for witness testimony regarding Petitioner's status and unrelated offenses

were properly reviewed by the Colorado Court of Appeals under applicable federal law.  In

addition, because there was no constitutional error, there was no cumulative error.

Petitioner objects to the recommendation on the grounds that the failure to disclose was

not inadvertent and that the evidence was highly exculpatory.  As noted by the Colorado

Court of Appeals and by Magistrate Judge Hegarty, however, the information was disclosed

to Petitioner before the end of trial and his counsel was able to make use of it.  Petitioner

has not shown that earlier disclosure would have changed the defense strategy or outcome

of the trial.  Petitioner also argues that the forbidden testimony, that Petitioner had been arrested previously and was in jail at some point during the investigation, was highly prejudicial.  I disagree.  I see no error in the  Court of Appeals' review of this issue, which rested on its determination that the jury was not informed of the nature of Petitioner's other arrests and was properly instructed to disregard the stricken evidence.  Petitioner has not shown a likelihood that the jury did not follow the court's instructions.  The evidence that the jury heard (a reference to a booking photo and to the fact that Petitioner was in jail at some point before trial) was somewhat ambiguous[1] and does not show undue prejudice, particularly in light of the full record.

Petitioner's second claim of error is that the prosecution improperly asked a witness, a police detective, about whether the witness had worked on an investigation as to where Petitioner lived just before the assault occurred.  The background to this issue is as follows: Petitioner had previous convictions that required him to register as a sex offender.  Just prior to the assault, Petitioner had come to the attention of the police as a witness in a child abuse case, at which time it was discovered that Petitioner was not living at his registered address.  At trial, in the course of establishing that Petitioner had lived at the complex where the assault occurred until just a week before the assault, the prosecutor asked the detective whether he had worked "on an investigation as to where [Petitioner] lived on June the 18th of 2003."  The detective responded in the affirmative.  No other information was presented to the jury about the "investigation" or about Petitioner's previous offenses or status as a sex offender.  This issue was raised in Petitioner's appeal as an issue of

---

[1]Indeed, the jury could have thought these comments referred to Petitioner's booking and pretrial incarceration for the offenses for which he was on trial.

improper admission of evidence of prior criminality under the Colorado Rules of Evidence and Colorado case law. Accordingly, Magistrate Judge Hegarty concludes, and I agree, that this issue was not fairly presented to the state courts as a federal constitutional question and is not exhausted.

In these circumstances, a petition containing unexhausted claims should be stayed or dismissed without prejudice to give the applicant the opportunity to the pursue those claims in state court. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (instructing a district court to dismiss without prejudice and allow the petitioner to refile once the claims are exhausted); *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (if a court is concerned about the prisoner meeting AEDPA's one-year filing requirement, and "if there was good cause for the petitioner's failure to exhaust his claims first in state court," the court can decline to dismiss the matter, but rather issue a stay and abeyance of the petition while the petitioner exhausts his state court remedies.)   Here, however, exhaustion would be futile. As noted by Magistrate Judge Hegarty, since the issue was already raised in Petitioner's direct appeal it cannot be asserted again through a Rule 35(c) motion. Colo. R. Crim. P. 35(c). Moreover, the time for Petitioner to file such a motion has expired. Petitioner was convicted of various felonies, but no Class One felonies. Under C.R.S. § 16-5-402(1), a 35(c) motion must be filed within three years of the date of conviction for persons convicted of any felony other than a Class One felony. Petitioner's petition for writ of certiorari was denied on October 23, 2006 and the mandate was issued to the trial court on November 13, 2006. More than three years have elapsed since the conviction was final and, therefore, Petitioner would be barred from filing a Rule 35(c) motion.

As noted by Magistrate Judge Hegarty, defaulted claims may only be considered by

this court if Petitioner can demonstrate cause and prejudice for the default, or demonstrate that a fundamental miscarriage of justice would result. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner has not shown any reason for the failure to raise this claim as a constitutional claim earlier than in this habeas petition. In his objection, Petitioner appears to argue that his defaulted claim should proceed in order to avoid a "fundamental miscarriage of justice." The fundamental miscarriage of justice test requires showing that a constitutional error has probably resulted in the conviction of one who is actually innocent. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner argues that he is actually innocent and that the victim was not credible in her statements, since her accounts were inconsistent and she was not 100% positive in her identification of Petitioner.

Petitioner's objections are not sufficient to demonstrate a fundamental miscarriage of justice. The threshold issue is whether there was a constitutional error in admitting the fact that there was an investigation involving where Petitioner lived at the time of the assault. Petitioner's constitutional challenge to the disputed testimony is governed by the general principle that "the Due Process Clause of the Fourteenth Amendment provides a mechanism for relief" when "evidence is introduced that is so unduly prejudicial that it renders the trial fundamentally unfair . . . ." *Payne v. Tennessee*, 501 U.S. 808, 825 (1991). "Inquiry into fundamental fairness requires examination of the entire proceedings, . . . ." *Le v. Mullin*, 311 F.3d 1002, 1013 (10th Cir. 2002) (citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974) (citation omitted)). Further, "because a fundamental fairness analysis is not subject to clearly definable legal elements, when engaged in such an endeavor a federal court must tread gingerly and exercise considerable self restraint." *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002) (internal quotation marks omitted).

In conducting its fundamental fairness analysis, the court is not to "second guess a state court's application or interpretation of state law . . . unless such application or interpretation violates federal law."  *Bowser v. Boggs*, 20 F.3d 1060, 1065 (10th Cir. 1994).

I conclude that the admission of the disputed evidence did not render the trial fundamentally unfair and was not a constitutional error that resulted in the conviction of one who was actually innocent.  In its discussion of the issue (applying state law), the Colorado Court of Appeals noted that the nature of the investigation was never revealed to the jury and the trial court had reason to believe that, upon cross-examination, the "investigation" would be revealed as the child abuse case in which Petitioner was a witness.  Given the curative instructions of the trial court and the lack of specificity about the nature of the "investigation," Petitioner has not shown that this evidence was unduly prejudicial.

Moreover, the record reveals that although some details of the victim's account were inconsistent, she picked out Petitioner and another man from a photo lineup, stating that Petitioner most resembled her assailant.  There was also evidence that Petitioner, after his arrest, had written a letter to a woman he had been dating at the time of the assault in which he "reminded" the girlfriend of a conversation about the victim, whom Petitioner described as "the lady I told you I was having sex with."   He asserted that this "conversation" showed that the victim was lying when she said she had never seen Petitioner before.  The girlfriend turned the letters over to police and denied that the alleged conversation had ever occurred.  On this record, I cannot conclude that it was jury

speculation about the briefly referenced "investigation" that led to Petitioner's conviction, rather than this evidence pointing to his guilt.

Accordingly, it is ordered:

1.      The recommendation of Magistrate Judge Michael E. Hegarty (Docket No. 22) is accepted.   Petitioner's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Docket No. 2) is denied.

DATED at Denver, Colorado, on February 1, 2010.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge